
FILED
CLERK, U.S. DISTRICT COURT
JAN 29 2019
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LLOYD PRESTO EPPIE,<br><br>Defendant. | Case No. 2:18-MJ-02857<br><br>ORDER OF DETENTION |

## I.

On January 28, 2019, Defendant Lloyd Presto Eppie ("Defendant") made his initial appearance in this district on the Complaint filed in the United States District Court for the Central District of California, Case No. 2:18-MJ-02857.

The Court appointed Deputy Federal Public Defender Richard Goldman to represent Defendant. Deputy Federal Public Defender Jelani Lindsey specially appeared for Richard Goldman.

The Court conducted a detention hearing based on a motion by the Government [18 U.S.C. § 3142(e)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

The Court bases its conclusions on the following:

As to risk of non-appearance:
- Defendant's failure to appear at recent state court preliminary hearing;
- Outstanding failure to appear warrant;
- Defendant's failure to self-surrender in December 2018 and efforts to secrete himself during the arrest of January 28, 2019;
- No bail resources;
- Lack of employment.

As to danger to the community:
- Defendant's substance abuse history;
- Apparent criminal history during probation;
- Criminal history including drug- and alcohol-related offenses;
- Nature of the charged offense;
- Warrant for "dangerous drug" crime offense.

## III.

In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled

substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g).] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

V.

IT IS THEREFORE ORDERED that Defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i).]

Dated: January 29, 2019   \_\_\_\_\_/s/_____
HON. MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE